## BARNES v. ALLEN.
### No. 5699.

Court of Appeal of Louisiana.  Second
Circuit.

June 30, 1938.

Robt. J. Newson, of Shreveport, for appellant.

Chandler & Chandler, of Shreveport, for appellee.

TALIAFERRO, Judge.

Miss Esther Elberta Barnes, a resident of the city of Shreveport, Louisiana, died intestate therein on June 30, 1937. Her succession consisted of an undivided half interest in and to 160 acres of land in Jeff Davis parish, Louisiana, appraised at $2,000, and other property in Caddo parish not inventoried or appraised. Mrs. Irene G. Allen, alleging herself to be a creditor of the succession, was appointed administratrix thereof by the District Court of Caddo parish. There were no succession liabilities save funeral expenses and expenses incurred in conveying the body to a place in the state of Illinois for interment, plus expenses entailed in opening and administering the succession.

It appears that Dr. E. M. Barnes, of Gilman, Iowa, the brother of deceased, is her nearest relative and heir and therefore inherited all her property. He employed counsel in the city of Shreveport soon after the succession was opened and immediately identified himself with its affairs. He sued out rules against the administratrix and her counsel and provoked considerable judicial controversy with them, the most important part of which has not been tried or adjudicated. In December, he filed formal application to be recognized as the sole heir of the deceased and to be sent into possession of all the assets of her succession. He also alleged that the succession is free of debts and for this reason an administration was useless and wholly unnecessary. He tendered bond in the sum of $1,000 conditioned to pay any debts which the court might or should find to be due and owing by the succession, which was accepted and approved. He prayed, inter alia, that the succession be closed and the administratrix be discharged from her trust. This application was ex parte. Judgment thereon was rendered as prayed for, from which we quote the following:

"It is further ordered, adjudged and decreed that the administration herein be and the same is hereby terminated, and that Mrs. Irene G. Allen is hereby discharged as administratrix, reserving, however, to Dr. E. M. Barnes his right to oppose the list of debts filed in this proceeding by said administratrix, and also reserving to the said Dr. E. M. Barnes his right to proceed against Mrs. Irene G. Allen and against any other person or persons who may be in possession of any of the effects of this succession."

Upon learning of the rendition and signing of said judgment, Mrs. Allen, the administratrix, filed a lengthy petition attacking its legality and validity, and praying that it be revoked in its entirety, one of the grounds of attack being that she was given no notice of the proceedings designed to destitute her of the office of administratrix and close the succession.

After hearing, the court declined to modify or revoke the judgment attacked "except as to that portion discharging the administratrix." The administratrix was granted suspensive and devolutive appeals "from the judgment herein insofar as same placed the heirs in possession and terminated the administration."

Appellee has moved to dismiss the appeal or, in the alternative, that it be transferred to the Supreme Court, on the ground that the succession assets have a value in excess of $2,000. We think the motion good.

The record convinces us that Miss Barnes was the owner of property of considerable value at the date of her death, not shown on the inventory, and that in due course of judicial procedure the succession or her sole heir will be adjudged to own same. It is reasonably certain that the total value of the succession assets will greatly exceed $2,000 and, this being true, this court is without jurisdiction of the appeal.

For the reasons herein assigned, the appeal herein prosecuted by Mrs. Irene G. Allen, administratrix, is hereby transferred to the Supreme Court of the state and she is allowed 60 days from the finality of this order in which to lodge transcript of appeal in that court; failing to do so within said period, her appeal will be considered as having been abandoned.